UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SOFT PTY LTD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | Case No. 25-cv-03821-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On May 1, 2025, Plaintiff Dana Soft Pty Ltd ("Dana") filed suit against Meta Platforms, Inc. ("Meta"), alleging claims for: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Quantum Meruit; and (4) Unjust Enrichment. ECF No. 1. Dana asserts that this Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Compl. ¶ 7.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has

1  federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of
2  the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the
3  plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891
4  F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in
5  controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States,"
6  or "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

7        Here, there is no federal question jurisdiction because Dana's claims all arise under state
8  law. In the complaint, Dana avers that the Court has federal question jurisdiction under 28 U.S.C.
9  § 1332. Compl. ¶ 7. Dana alleges that it "is an Australian limited liability company with its
10 principal place of business located [in Australia]," and that Meta is a Delaware corporation with its
11 principal place of business located in California. *Id.* ¶¶ 1–2. As the party asserting diversity
12 jurisdiction, Dana bears the burden of proving that diversity jurisdiction exists. *See Resnik v. La*
13 *Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction
14 is upon the party asserting it[.]") (citation omitted). "Generally, LLC's are citizens of every state
15 in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No.
16 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v.*
17 *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). Thus, Dana's
18 citizenship depends on the citizenship of its members and owners. However, Dana has failed to
19 include any allegations as to the citizenship of its members and owners.

20       Accordingly, Dana is **ORDERED TO SHOW CAUSE** as to the citizenship of any
21 members or owners of Dana Soft Pty Ltd. Dana shall file a written response to this Order by
22 September 16, 2025. Failure to do so will result in dismissal of this action for lack of subject
23 matter jurisdiction.

24       **IT IS SO ORDERED.**

26 Dated: September 9, 2025

THOMAS S. HIXSON
United States Magistrate Judge