UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA SOFT PTY LTD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | Case No. 25-cv-03821-TSH<br><br>**ORDER INVITING PLAINTIFF TO FILE AMENDED COMPLAINT** |

　　　On May 1, 2025, Plaintiff Dana Soft Pty Ltd ("Dana") filed this contract action against Defendant Meta Platforms, Inc. ("Meta"). ECF No. 1. Dana asserted that this Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Compl. ¶ 7. In its initial Complaint, Dana alleged that it "is an Australian limited liability company with its principal place of business located [in Australia]," and that Meta is a Delaware corporation with its principal place of business located in California. *Id.* ¶¶ 1–2. Because Dana failed to include any allegations as to the citizenship of its members and owners, the Court issued an Order to Show Cause on September 9, 2025, ordering Dana to provide information regarding the citizenship of any members or owners of Dana. ECF No. 20.

　　　On September 10, 2025, Dana filed a First Amended Complaint ("FAC"). ECF No. 21. Dana asserts that this Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. FAC ¶ 7. In the FAC, Dana alleges that it "is an Australian limited liability company with its principal place of business located [in Australia]," and that Meta is a Delaware corporation with its principal place of business located in California. *Id.* ¶¶ 1–2.

　　　On September 15, 2025, Dana responded to the OSC, stating that "Dana has a single member, who is an individual citizen of the People's Republic of China." ECF No. 23. That same

1 day, the Court discharged the OSC.  ECF No. 24.

2 The Ninth Circuit recently held "that a district court may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025).  The court reiterated that the party invoking federal subject matter jurisdiction "*always* bears the burden of *both pleading and proving* diversity jurisdiction." *Id.* at 1175 (emphasis in original) (citation omitted).  And the court explained that federal courts "have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Id.* at 1177 (cleaned up); *see* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Here, because Dana does not allege the citizenship of its members in the FAC, Dana does not allege facts in the FAC establishing that complete diversity exists between the parties. *See generally* FAC.  While Dana included information about the citizenship of its sole member in its response to the Court's OSC, the Court cannot take judicial notice of that filing for the purpose of establishing that complete diversity exists. *Rosenwald*, 152 F.4th at 1174.  Therefore, as in *Rosenwald*, the Court invites Dana to amend its jurisdictional allegations because inviting amendment does not prejudice either party and doing so would not be futile. *Id.* at 1177.

Accordingly, Dana may file an amended complaint by November 20, 2025, to cure its defective allegations of jurisdiction.  Dana shall only amend its allegations of jurisdiction; the Court does not grant Dana leave to amend any other allegations in the FAC.

**IT IS SO ORDERED.**

Dated: November 13, 2025

THOMAS S. HIXSON
United States Magistrate Judge